THE STATE, FENNIMORE, PROSECUTOR, v. CLOTHIER, COLLECTOR OF TAXES.

1. A tax voted by a special town meeting to pay bounties to volunteers, unauthorized by any special law, where the notice of the meeting did not specify the object, and no specific sum, nor any certain means of ascertaining the proper amount were determined, *held* to be illegal.
2. The town clerk's oath, that a certified copy of a resolution of the town meeting was copied from the town book, *held* to be sufficient proof.
3. A tax illegally assessed will be reversed and set aside when regularly before the court on a *certiorari,* although it has been collected by warrant.

Argued before ELMER and VAN DYKE, Justices, by *P. D. Vroom,* for the prosecutor, and *M. Beasley,* for defendant.

The opinion of the court was delivered by

ELMER, J.   The tax objected to in this case was assessed by virtue of a resolution, passed by a special town meeting of the inhabitants of the township of Springfield, county of Burlington, held in August, 1862, which directed a sufficient amount of money to be raised by taxation to pay certain bounties to volunteers, without specifying how much.   The assessor proves that twelve hundred dollars was the amount raised for this purpose.

If the facts have been sufficiently shown, 't is not insisted by the counsel for the township that this tax was legally assessed.   It cannot be doubted, I think, that it was illegal, for three reasons—first, because no general or special law authorized the town meeting to raise any money for the purpose specified; second, because no specific sum, nor any certain mode of ascertaining the sum intended, was provided for; third, because the notice of the special town meeting, set up by the clerk, did not mention the object or purpose of the meeting, as required by the statute.   *Nix. Dig.* 876, § 15.*

It is urged, however, that the resolution, produced as a copy of that adopted by the special town meeting, is not properly proved.   The clerk of the township certifies that it is a true copy, and swears that it is a copy from the town book, and this is equivalent to proof of what is termed a sworn copy. It was not necessary, nor indeed proper, to produce the book itself.   I do not perceive, however, that this question is of any importance.   The assessor proves that the amount ordered to be raised by the special town meeting was twelve hundred dollars, and that the sum, thus ordered, and not otherwise authorized, was added to the amounts regularly authorized to be raised.   If no formal resolution to do this was adopted or recorded, so much the worse.

But it was also insisted that, admitting the tax to have been illegally assessed, it was a *tort* in the assessor for which he is liable; and that inasmuch as the tax has been levied by distress and sale of the prosecutor's goods, and no direct action of the court can restore the money, we ought not to

*Rev., p.* 1196, § 15.

State v. Clothier.

interfere by virtue of a *certiorari*. I do not think it follows that the *certiorari* is not properly brought, because the prosecutor has his remedy against all persons concerned in assessing or collecting this tax. The proceeding to determine the legality of a tax assessment, by means of a *certiorari* directed to the officer who has the possession and enforcement of the duplicate containing it, seems to be peculiar to this state. But the practice is well established, has been found to be a safe and effectual remedy, and has been recognized by legislative enactments. Nor can I admit, that the court cannot enforce the restoration of what has been wrongfully collected. But it is not necessary now to affirm or deny this power. We cannot anticipate that the township authorities will hesitate to restore money, which shall be judicially determined to have been illegally obtained, and leave their officers to pay the penalty.

It appears that the prosecutor appealed from the tax, and that the three commissioners of appeal actually signed a certificate reducing it, but it being doubtful whether they had been duly qualified to act, and whether the certificate had been properly signed, the township officers disregarded it, and proceeded to collect the sum originally assessed. That so much as was taken off by the commissioners was illegal, is now clearly established, and we are thus relieved from the necessity of inquiring into the regularity of the certificate.

Some question was made, on behalf of the prosecutor, whether this case comes within the statute. *Nix. Dig.* 853, § 74.* I see no reason to doubt that it does. The rate is shown to be higher and greater than that ordered by any resolution authorized by the law. It follows that, instead of setting aside the whole tax, the amount must be reduced by deducting the amount added by virtue of the illegal resolution, as to which the tax must be reversed, and as to the other part affirmed. The precise amount to be deducted not being shown, unless ascertained by the agreement of the parties, a commissioner will be appointed to report the proper sum.

*Rev., p. 1172, § 147.